UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILMER HUGO CRUZ and all others )
similarly situated under 29 U.S.C. 216(b), )
                                           )
          Plaintiff,                       )
     vs.                                   )
                                           )
RW INSTALLATION INC.,                      )
RW GLAZING INC,                            )
ROBERT WSZENDYBYL,                         )
MARLENA STETTNER,                          )
                                           )
          Defendants.                      )
_____    )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS AND BREACH OF CONTRACT**

Plaintiff, WILMER HUGO CRUZ on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, RW INSTALLATION INC., RW GLAZING INC, ROBERT WSZENDYBYL, and MARLENA STETTNER, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant RW INSTALLATION INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant RW GLAZING INC, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

5. The individual Defendant ROBERT WSZENDYBYL is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant MARLENA STETTNER is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

8. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of

forty at the rate of at least one and one half times the employee's regular rate…."

11. Plaintiff worked for Defendants as a window installer from on or about February 10, 2014 through on or about February 13, 2015.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2014.

16. Upon information and belief, the Defendant Corporation's gross sales or business done and is expected to exceed $125,000 for the first quarter for the year 2015.

17. Individual coverage also applies to Plaintiff's work. Plaintiff was "engaged in commerce"

under the FLSA as he was directly participating in the actual movement of things in interstate commerce by working for an instrumentality of interstate commerce and by regularly using the instrumentalities of interstate commerce in his work, e.g.  regularly and recurrently utilizing interstate telephone, mails, and the international wire system to make calls and send emails outside the State of Florida while he was working for Defendants in Texas for approximately 8 months of the relevant time period.

18. Upon information and belief, Defendants, RW INSTALLATION INC., and RW GLAZING INC, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

19. Upon information and belief, Defendants, RW INSTALLATION INC., and RW GLAZING INC, were the Plaintiff's joint employers during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same corporate officers for a common business purpose.

20. Individual Defendant ROBERT WSZENDYBYL was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

21. Individual Defendant MARLENA STETTNER was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

22. Between the period of on or about February 10, 2014 through on or about January 10, 2015, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $20.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the

half time overtime rate for each hour worked above 40 in a week.

23. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-23 above and further states:

24. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

25. Between on or about February 10, 2014 through on or about February 13, 2015, for the last

two weeks of his employment, Plaintiff worked an average of 30 hours a week for the Defendants due to a worker's compensation injury. Plaintiff was paid nothing at all for said work in violation of the Fair Labor Standards Act as said non-payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum wage rate of $7.25/hr for the total 60 hours worked for the last two weeks of his employment.

26. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

27. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

**COUNT III. BREACH OF CONTRACT**

COME NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-27 above and further states:

28. This Court has jurisdiction for Plaintiff's breach of contract claim under the Court's Supplemental Jurisdiction 28 USC 1367.

29. When Plaintiff contracted for employment with Defendants, Defendants agreed to pay Plaintiff $20.00 per hour.

30. Between on or about February 10, 2014 through on or about February 13, 2015, for the last two weeks of his employment, Plaintiff worked an average of 30 hours a week for the Defendants due to a worker's compensation injury. Plaintiff was paid nothing at all for said work.

31. During the last two weeks of his employment, Plaintiff complied with all conditions precedent to the contract.

32. Defendants, however, have not paid Plaintiff for an approximately 60 hours worked for the last two weeks of his employment at a rate of $20.00 per hour.

33. Plaintiff has performed all duties under the contract, and as such Defendants have breached said contract.

34. Defendants breached the contract with Plaintiff and Plaintiff has been damaged.

35. Plaintiff therefore claims the approximately $1,200.00 owed to him.

Wherefore, Plaintiffs requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of oral contract, judgment against the Defendants for the wrongfully deducted wages, and any other relief that this Court finds

reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

                          Respectfully Submitted,

                          J.H. Zidell, Esq.
                          J.H. Zidell, P.A.
                          Attorney For Plaintiff
                          300 71st Street, Suite 605
                          Miami Beach, Florida 33141
                          Tel: (305) 865-6766
                          Fax: (305) 865-7167
                          Email: ZABOGADO@AOL.COM

                          By:__/s/ J.H. Zidell_____
                             J.H. Zidell, Esq.
                             Florida Bar Number: 0010121