UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-20981-ALTONAGA/O'SULLIVAN

WILMER HUGO CRUZ and all others )
similarly situated under 29 U.S.C. 216(b), )
)
Plaintiff, )
)
vs. )
)
RW INSTALLATION INC.; )
RW GLAZING INC.; )
ROBERT WZSENDYBYL; and )
MARLENA STETTNER. )
)
Defendants. )
_____ )

**DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B) FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

Defendants, RW INSTALLATION INC.; RW GLAZING INC.; ROBERT WZSENDYBYL; and MARLENA STETTNER, by and through their undersigned attorney do file this Motion to Dismiss Under Rule 12(b) for Insufficient Service of Process and Lack of Personal Jurisdiction as grounds does state as follows

1. Plaintiff filed his complaint regarding employment issues including FLSA against all four Defendants.

2. Plaintiff was obligated to serve these four defendants pursuant to Rule 4, Federal Rules of Civil Procedure. No party waived service of the complaint filed by the Plaintiff and Plaintiff has failed to properly serve any of the named Defendants. Attached to this Motion as Exhibit A are the affidavits of Robert Wzsendybyl and Marlena Stettner pertaining to the service of process attempted

in this case.

3. It is clear from the affidavits attached hereto as Exhibit A that the Plaintiff has failed to properly personally serve any of the four defendants as is required in order to perfect service of process of the complaint. As stated in the affidavit of Robert Wzsendybyl, a Defendant in this case as well as the registered agent of RW Installation, Inc. and RW Glazing, Inc., he was not at the property at the time that a person came to the property and he has not been personally served in any capacity. As stated in the affidavit of Marlena Stettner, the person who came to the property did not identify himself, did not ask for her nor did he identify the full name of the person he was seeking to serve and just said "Robert". Marlena Stettner has not been personally served.

4. Because of the failure of the Plaintiff to properly personally serve the four named Defendants in this case, it should be dismissed. As of the making of this Motion, there has been no proof of service on any of the four Defendants served on counsel for these Defendants.

MEMORANDUM OF LAW

The Defendants are challenging the sufficiency of the service of process attempted but not perfected in a pre-answer motion which is permitted. No person was personally served by any person authorized to serve process. Because proper service of process was not perfected, there is no personal jurisdiction over the four defendants. The Courts have held that "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.", Hemispherx Biopharma, Inc. v. Johannesburg Consolidated Investments, 553 F.3d 135, 1360 (11th Cir. 2008), citing Pardazi v. Cullman Med. Ctr., 896 F. 2d 1313, 1317 (11th Cir. 1990).

Rule 4(e), Federal Rules of Civil Procedure prescribes the manner in which service of process

is to be made on an individual other than a minor, an incompetent person or a person who has filed a waiver. The rule requires that 1) under rule 4(e)(1) state law be followed for service of a summons in the state where the district court is located or where service is made; or 2) alternatively under rule 4(e)(2), a person can be personally served; a copy can be left "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there", or delivering a copy to "an agent authorized by appointment or by law to receive service of process". Service on a corporation or a partnership or association is set forth under Rule 4(h) which authorizes service as set forth in Rule(e)(1) or service on an "officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process". Clearly, the manner of leaving the complaint and a summons in a mailbox is not sufficient under any of these provisions for service of process on any individual or a business entity. The manner of service on a business entity is addressed in <u>Carcamo v. Norgas Carriers AS</u>, 2010 WL 2926035 (S.D. Florida 2010). This case cites to Florida law for the proposition that "Under Florida law, statutes that govern service of process are to be strictly construed to insure that a defendant receives notice of the proceedings...The burden of proving the validity of the service or process is on the plaintiff" citing to <u>Anthony v. Gary J. Rotella & Associates, P.A.</u>, 906 So. 2d 1205, 1207 (Fla Dist. Ct. App. 2005) among other Florida cases. This case also cites to <u>Hemispherx Biopharma, Inc. v. Johannesburg Consolidated Investments</u>, supra p. 1360 that in the case of non service of a defendant, "the court lacks jurisdiction over the person of a defendant".

    F.S. §48.031 (1)(a) requires that original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years

of age or older and informing the person of their contents." This clearly was not done as set forth in the affidavits attached hereto as Exhibit A.

Wherefore, based on the reasons stated, Defendants, RW INSTALLATION INC.; RW GLAZING INC.; ROBERT WZSENDYBYL; and MARLENA STETTNER pray that this Court dismiss the above captioned action and for such other relief as this Court deems appropriate.

CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)A), I hereby certify that as counsel for the movants, I conferred with counsel for the Plaintiff who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues but have been unable to resolve the issues. Counsel for the Plaintiff and counsel for the Defendants will continue to try and work out the issues raised in this Motion and if they are resolved will notify the Court.

        s/Randee S. Schatz
        Randee S. Schatz, Esq.

        Respectfully submitted,

        **s/Randee S. Schatz**
        Randee S. Schatz, Esq. (Florida Bar No. 279900)
        Attorney Email Address: rsschatz@comcast.net
        Secondary Email: legal.service.RSS.PA@comcast
        RANDEE S. SCHATZ, P.A
        220 Sunrise Avenue/Suite 209
        Palm Beach, Florida 33480
        Telephone: (561) 833-1846
        Facsimile: (561) 833-1881
        Attorney for Defendants, RW INSTALLATION INC.; RW GLAZING INC.; ROBERT WZSENDYBYL; and MARLENA STETTNER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-20981-ALTONAGA/O'SULLIVAN

WILMER HUGO CRUZ and all others )
similarly situated under 29 U.S.C. 216(b), )
)
      Plaintiff, )
)
vs. )
)
RW INSTALLATION INC.; )
RW GLAZING INC.; )
ROBERT WZSENDYBYL; and )
MARLENA STETTNER. )
)
      Defendants. )
_____)

### Certificate of Service

I HEREBY CERTIFY that on June 8, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By:   __s/Randee S. Schatz_____
           Randee S. Schatz, Esq.
           Florida Bar Number 279900

SERVICE LIST
WILMER HUGO CRUZ and all others, Plaintiff v.
RW INSTALLATION INC.; RW GLAZING INC.; ROBERT WZSENDYBYL;
and MARLENA STETTNER, Defendants.
CASE NO.: 1:15-cv-20981-ALTONAGA/O'SULLIVAN
United States District Court, Southern District of Florida


Elizabeth Olivia Hueber, Esq.
Email: elizabeth.hueber.esq@gmail.com
Steven C. Fraser, Esq.
Email: steven.fraser.esq@gmail.com
Jamie H. Zidell, Esq.
Email: zabogado@aol.com
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-7167

Attorneys for Plaintiff,
Method of Service: email

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-20981-ALTONAGA/O'SULLIVAN

WILMER HUGO CRUZ and all others )
similarly situated under 29 U.S.C. 216(b), )
)
      Plaintiff, )
)
vs. )
)
RW INSTALLATION INC.; )
RW GLAZING INC.; )
ROBERT WSZENDYBYL; and )
MARLENA STETTNER. )
)
      Defendants. )
_____)

AFFIDAVIT OF DEFENDANT MARLENA STETTNER

STATE OF FLORIDA
COUNTY OF BROWARD

      I, Marlena Stettner, state that I am a named Defendant in the above captioned matter and say as follows:

1. Early in the morning of April 28, 2015, a man came to the gate of the property where I was located.

2. I asked the person who he was and he said he was from Court and had papers for Robert and to open the gate.

3. I was fearful as I was alone with my minor child and the person did not identify himself, provide a last name of the Robert he wanted to see nor did he ask for me. He said I had to open the gate or he would come with the police. He did not do this.

4. Later that day, when I went outside, I found papers pertaining to this case in my mailbox. The documents in the mailbox were four summons with the complaint. Copies of the summons are

attached. These papers were not retrieved from the mailbox by Robert Wszendybyl but by me.

5. At no time did the person who came to the gate of where I was located identify himself by name, identify himself as a process server or other person who I would recognize as a person who was at the property to serve lawsuit papers on either Robert Wszendybyl or myself as he never provided any last name for the Robert he wanted to see or ask for me. Robert Wszendybyl was not at the property on April 28, 2015 at the time that the person who came to the gate as described nor did he take the papers out of the mailbox.

6. In fear due to lack of identification of the person at the gate, lack of providing full names of who he was looking for, being alone with my minor child and the early morning appearance at the gate, I was fearful of opening the gate for a total stranger who did not come back, leave a business card or any other type of identification so that I would know who he was.

7. No other person came to the address to serve any type of papers pertaining to this case on either Robert Wszendybyl or myself.

_____
Marlena Stettner

STATE OF FLORIDA
COUNTY OF BROWARD

Sworn to and subscribed before me this 7th day of June, 2015, by Marlena Stettner.

_____
Signature of Notary Public, State of Florida

Nicole Sunshine Kessler

(Notary Seal)

Nicole Sunshine Kessler
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF033791
Expires 9/5/2017

Name of Notary Public, Printed or Stamped

✓ Personally Known
___ OR Produced Identification
Type of Identification Produced _____

Page 2 of 2

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

WILMER HUGO CRUZ and all others )
similarly situated under 29 U.S.C. 216(b), )
)   15-CV-20981-CMA
     Plaintiff, )
vs. )
)
RW INSTALLATION INC., )
RW GLAZING INC, )
ROBERT WSZENDYBYL, )
MARLENA STETTNER, )
)
     Defendants. )
_____ )



## SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)
RW INSTALLATION INC.
Registered Agent: Robert Wszendybyl
4621 SW 111 Terrace
Davie, FL 33328

     A lawsuit has been filed against you.

     Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

          J.H. Zidell, Esq.
          J.H. Zidell P.A.
          300 71ST Street, Suite 605
          Miami Beach, Florida 33141

     If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: Mar 11, 2015

Steven M. Larimore
Clerk of Court

**SUMMONS**

s/ Juan Ulacia
Deputy Clerk
U.S. District Courts

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| WILMER HUGO CRUZ and all others similarly situated under 29 U.S.C. 216(b), <br><br> Plaintiff, <br><br> vs. <br><br> RW INSTALLATION INC., <br> RW GLAZING INC, <br> ROBERT WSZENDYBYL, <br> MARLENA STETTNER, <br><br> Defendants. | 15-CV-20981-CMA <br><br> SERVED 4/28/15 |

## SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)
RW GLAZING INC
Registered Agent: Robert Wszendybyl
4621 SW 111 Terrace
Davie, FL 33328

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.H. Zidell, Esq.
J.H. Zidell P.A.
300 71ST Street, Suite 605
Miami Beach, Florida 33141

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: Mar 11, 2015



Steven M. Larimore
Clerk of Court

**SUMMONS**

s/ Juan Ulacia
Deputy Clerk
U.S. District Courts

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| WILMER HUGO CRUZ and all others similarly situated under 29 U.S.C. 216(b), <br><br> Plaintiff, <br><br> vs. <br><br> RW INSTALLATION INC., <br> RW GLAZING INC, <br> ROBERT WSZENDYBYL, <br> MARLENA STETTNER, <br><br> Defendants. | 15-CV-20981-CMA |

**SUMMONS IN A CIVIL ACTION**

To: (Defendant's name and address)
ROBERT WSZENDYBYL
4621 SW 111 Terrace
Davie, FL 33328

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.H. Zidell, Esq.
J.H. Zidell P.A.
300 71ST Street, Suite 605
Miami Beach, Florida 33141

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: Mar 11, 2015



Steven M. Larimore
Clerk of Court

**SUMMONS**

s/ Juan Ulacia
Deputy Clerk
U.S. District Courts

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| WILMER HUGO CRUZ and all others similarly situated under 29 U.S.C. 216(b),<br><br>Plaintiff,<br>vs.<br><br>RW INSTALLATION INC.,<br>RW GLAZING INC,<br>ROBERT WSZENDYBYL,<br>MARLENA STETTNER,<br><br>Defendants. | 15-CV-20981-CMA |



## SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)
MARLENA STETTNER
4621 SW 111 Terrace
Davie, FL 33328

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.H. Zidell, Esq.
J.H. Zidell P.A.
300 71ST Street, Suite 605
Miami Beach, Florida 33141

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: Mar 11, 2015

Steven M. Larimore
Clerk of Court

**SUMMONS**

s/ Juan Ulacia
Deputy Clerk
U.S. District Courts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-20981-ALTONAGA/O'SULLIVAN

WILMER HUGO CRUZ and all others )
similarly situated under 29 U.S.C. 216(b), )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )
                                          )
RW INSTALLATION INC.;                     )
RW GLAZING INC.;                          )
ROBERT WSZENDYBYL; and                    )
MARLENA STETTNER.                         )
                                          )
            Defendants.                   )
_____)

## AFFIDAVIT OF DEFENDANT ROBERT WSZENDYBYL

STATE OF FLORIDA
COUNTY OF BROWARD

      I, Robert Wszendybyl, state that I am a named Defendant in the above captioned matter as well as the registered agent of both RW Installation, Inc. and RW Glazing Inc. and say as follows:

1. At of the date of this affidavit, have I been personally served with the lawsuit filed in the above captioned matter.

2. I was not at the property when the person came to the property and left copies of the lawsuit and the summons in the mailbox at the address on the summons.

Page 1 of 2

3. I was not the person who took the papers left in the mailbox.

                                                     Robert Wszendybyl

STATE OF FLORIDA  
COUNTY OF BROWARD

Sworn to and subscribed before me this __7th__ day of June, 2015, by Robert Wszendybyl.

                                        Signature of Notary Public, State of Florida

(Notary Seal)

                                        Nicole Sunshine Kessler  
                                        Name of Notary Public, Printed or Stamped

**Nicole Sunshine Kessler**  
**NOTARY PUBLIC**  
**STATE OF FLORIDA**  
Comm# FF033791  
Expires 9/5/2017

√ Personally Known  
___ OR Produced Identification  
Type of Identification Produced _____